UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


| | |
|---|---|
| ANTRAUN T. COE, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 2:09-cv-336-WTL-DML |
| | ) |
| H. J. MARBERRY, | ) |
| | ) |
| Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas Corpus

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This is an appropriate case for such disposition. This conclusion is based on the following facts and circumstances:

1. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Petitioner Coe seeks such a writ.

2. Coe is confined in this District. He seeks habeas corpus relief based on his contention that he is being imprisoned for a debt. He was directed to supplement his habeas petition by "linking in some plausible fashion his habeas claim that he is being unlawfully imprisoned because of a debt to the actual circumstances of his confinement" and to submit a copy of the judgment and commitment issued in the United States District Court for the Central District of Illinois on or about June 8, 2007. He has done the latter, but not the former.

3. Coe is in the custody of the Federal Bureau of Prisons serving the executed portion of the sentence of 240 months to the custody of the Bureau of Prisons issued on June 14, 2007, by the United States District Court for the Central District of Illinois.[1] His contention otherwise is based on hyperbole and error. Coe's statements, together with their (in)significance here, are:

---

[1] "Petitioner pled guilty on February 21, 2007, in criminal case 06-CR-20070 . . . to one count of conspiracy to distribute 50 or more grams of cocaine base (crack) in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). On June 7, 2007, Petitioner was sentenced to 240 months in the Federal Bureau of Prisons. No direct appeal was ever filed." *Coe v. United States,* 2009 WL 1904376, *1 (C.D.Ill. 2009).

- A § 2241 petition for writ of habeas corpus is proper because an action pursuant to 28 U.S.C. § 2255 would be inadequate to challenge his custody. This assertion only invokes the escape hatch provision of § 2255(e)

- He offers an essay about the history of imprisonment for a debt in England and in the United States. To posit that imprisonment for a debt violates American law begs the question of his own imprisonment for a drug offense.

- He implies that his prosecution and conviction created a debt owed by him to society. This is the crux of his position, because it is in this sense that he is "imprisoned for a debt." The premise of this position, however, is specious.

- He states that the trial court's power to impose a sentence of imprisonment is a power delegated from and by the constitutional authority, and that contempt of a lawful order or judgment gives a court the power to sentence a defendant to imprisonment. There is no discernible relation of this principle to Coe's imprisonment,

- He cites authorities relying on the Fourteenth Amendment holding that imprisonment for a debt discriminates against the poor and is therefore unlawful. There is no discernible relation of this principle to Coe's imprisonment.

- He cites provisions of the Illinois Constitution and implies that such provisions show his entitlement to relief here, but this is not the case. "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges,* 423 U.S. 19, 21 (1975). Thus, reliance on provisions of state law, including provisions of a state constitution, do not entitle a habeas petitioner to relief.

- He seeks referral of the action to a United States Magistrate for proceedings pursuant to 28 U.S.C. § 2007(b) "so that a discharge hearing can be conducted in respect to the State of Illinois insolvency law."

4. Coe does not challenge the execution of a sentence but the validity of his conviction. A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). According to § 2255(e), however, a federal prisoner may use § 2241 to contest his conviction or sentence only when "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."*In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

5. From PACER records, this court knows that on July 11, 2008, Coe filed his pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the trial court, which docketed the action as No. 08-CV-2156, that the § 2255 motion was denied on July 21, 2009, that an appeal from that denial was filed and docketed as No. 10-09-3708, and that both the trial court and the Court of Appeals found no basis on which to issue a certificate of appealability. There is no indication whatsoever that the habeas claim here was not or could not have been asserted in the § 2255 action, and thus no showing that such an action was inadequate or ineffective to test the legality of his detention. Additionally, Coe's habeas petition and his supplement are entirely devoid of information or a legal theory from which it could be determined that he is actually innocent of the drug offense of which he found guilty or that he is imprisoned for a nonexistent offense.

6. Despite Coe being physically present in this District, he is not entitled to proceed with his habeas claim. *See Jiminian v. Nash,* 245 F.3d 144, 147-48 (2d Cir. 2001) (§ 2241 relief not available because petitioner could have raised claim on direct appeal or in prior § 2255 attack, thus § 2255 remedy not inadequate or ineffective); *Longbehn v. United States,* 169 F.3d 1082, 1083 (7th Cir. 1999) (same). His contention that he is imprisoned for a debt is bizarrely inane. Apart from this, moreover, there is no feature about his claim suggesting that a remedy via § 2255 has been inadequate or ineffective to test the legality of his detention. His petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/10/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana